IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAREY STEPHENSON, | ) | 4:06CV3027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GERICO MARKETING SERVICES, | ) | |
| INC., a Nebraska corporation, and | ) | |
| GERIANNE KROON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon Defendants' motion for partial summary judgment on the Fair Labor Standards Act ("FLSA") and Nebraska Wage Payment and Collection Act ("NWPCA") claims. (Filing 35.) Summary judgment on the fraud and misrepresentation claims is not sought.   As there are genuine issues of material fact on the FLSA and NWPCA claims, as explained below, I shall deny the motion.

### *FLSA claims*

Defendants assert that I should grant summary judgment on these claims for two reasons.  I reject them both.

First, Defendants assert they do not know whether Plaintiff intended to make an overtime claim.  (Filing 37, Br. in Supp. of Mot. for Partial S.J., at 2 n.2.)  They acknowledge that the prayer for relief in the Amended Complaint seeks "unpaid minimum wage and overtime compensation," but assert that the substance of the Amended Complaint contains no allegations that Plaintiff worked in excess of forty hours in any workweek and fails to cite the overtime provision of the FLSA. Defendants assert that *if* Plaintiff claims FLSA overtime pay, summary judgment is

appropriate because the Amended Complaint does not contain specific allegations regarding FLSA overtime.  Id.  In response, Plaintiff asserts that Defendants have long known that her FLSA claim is for unpaid overtime pay and not for failure to receive the minimum wage.  Plaintiff has submitted evidence that Defendants have been aware since March and April of 2006 that her FLSA claim is for overtime pay. (Filing 14, sec. II(A)(1)(c) (report of the March 16, 2006 planning conference, indicating that Plaintiff claims that defendant Gerico failed to pay her "the minimum wage and/or overtime pay required by law"); Filing 45-5, Ex. 2 (Plaintiff submitted, and Defendants received, initial Rule 26 disclosures on April 25, 2006 which clearly indicating that Plaintiff claims damages for unpaid overtime pay).)  In light of this showing, I will not now grant summary judgment on the FLSA claim based on the technicality that the complaint does not contain allegations that Plaintiff worked  in excess of 40 hours in any workweek and was not paid overtime compensation as required by the FLSA.[1]

Secondly, Defendants assert that summary judgment on the FLSA claims is appropriate because Plaintiff was an exempt executive employee not entitled to overtime pay under the FLSA.  I reject this argument.  The affidavit submitted by Defendants does not clearly state that Plaintiff *actually performed* executive duties, but rather asserts that Plaintiff's duties required her to perform executive duties, *if necessary*.  Plaintiff's affidavit regarding her job duties directly contradicts the affidavit submitted by Defendants and creates genuine issues of material fact with respect to whether she was an exempt employee.

---

[1]Plaintiff may wish to amend the complaint to include FLSA overtime violation allegations in the substance of the complaint.  I grant leave to amend the complaint for this purpose.

*NWPCA claims*

The affidavits submitted by the parties are in direct conflict on the question whether Plaintiff was entitled to vacation benefits prior to her first anniversary on the job and whether she received any vacation benefits to which she was entitled.  As there is a genuine dispute of material fact regarding the NWPCA vacation benefits claim, I will deny the motion for summary judgment on that claim.

For the reasons stated above,

IT IS ORDERED that Defendants' motion for partial summary judgment (filing 35) is denied.

March 23, 2007                                    BY THE COURT:

                                                  *s/Richard G. Kopf*
                                                  United States District Judge